# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| FRANCES E. TYRRELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-12980 |
| CREDENCE RESOURCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes FRANCES E. TYRRELL ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts as Plaintiff's federal question claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Westland, Michigan, which lies within the Eastern District of Michigan.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant advertises that it "offers third party collection services across pre-collect, primary, secondary, tertiary, quad and warehouse placement categories in healthcare, telecommunication, insurance, utility services, retail and financial services verticals."[1] Defendant is a limited liability company organized under the

---

[1] https://credencerm.com/

laws of the state of Texas. Defendant's registered agent is Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. In early 2018, Plaintiff began receiving calls to her cellular phone, (734) XXX-8459, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8459. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Upon information and belief, Defendant was attempting to collect upon a consumer debt from Plaintiff that was purportedly owed by an unknown individual.

12. In addition, on or around May 3, 2018 Plaintiff received a call from Defendant in which Defendant failed to disclose itself as a debt collector.

13. During that same call, Defendant asked to speak with an individual named "Romika Jackson."

14. Plaintiff told Defendant to stop calling her and that she is not Romika Jackson.

15. Defendant has called Plaintiff on several occasions. Defendant has primarily contacted Plaintiff using (855) 752-9257.

16. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

17. Plaintiff has received not less than 25 phone calls from Defendant seeking to collect upon a debt which was purportedly owed by an unknown individual.

18. Plaintiff was experiencing various medical issues during the period in which Defendant was placing its phone calls. Defendant's persistent contacts affected Plaintiff's overall health and well-being.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls as it could lead to Plaintiff suffering bodily injury, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been is a member of the ACA, an association of debt collectors, since 2015.[2]

25. Upon information and belief, the subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violation of FDCPA §1692b(3)**

26. The FDCPA, pursuant to 15 U.S.C. 1692b(2) states that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not communicate with any such person more than once unless requested to do so by such person…"

---

[2] https://www.acainternational.org/search#memberdirectory

27. Upon information and belief, Defendant was trying to collect on a consumer debt purportedly owed by Romika Jackson. In its collection attempts, Defendant called Plaintiff's cellular phone no less than 25 times.

28. Defendant violated §1692b(3) by contacting Plaintiff on a number of occasions seeking to collect upon a debt which was not owed by Plaintiff. Defendant continued to call Plaintiff for several months after it should have realized that it was not going to reach the purported debtor.

### a. Violation of FDCPA §1692d(5)

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated FDCPA §1692d(5) when it continuously called Plaintiff's cellular phone to collect upon a debt purportedly owed by an unknown individual. Plaintiff was experiencing health difficulties at the time Defendant was placing its collection phone calls. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect upon a debt owed by an unknown individual, at a time where Plaintiff was unable to handle incessant calls from a debt collector,

6

demonstrate that Defendant attempted to coerce Plaintiff into making a payment, even though she was not the debtor.

### b. Violations of FDCPA §1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failure to disclose in subsequent communications that the communications is from a debt collector…" 15 U.S.C. §1692e(11).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong individual seeking to collect upon a debt. Defendant called Plaintiff at least 25 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though she was not the purported debtor. Through its conduct, Defendant

misleadingly represented to Plaintiff that it had the legal ability to contact her in connection with a debt that the Plaintiff did not owe.

34. Moreover, Defendant violated §1692e(11) by failing to disclose its identity as a debt collector and/or that it was attempting to collect on a debt. Defendant employed deceptive means in its collection efforts by confusing Plaintiff with the placement of numerous calls to her cellular phone in an attempt to collect upon a debt not owed by Plaintiff.

### c. Violations of FDCPA §1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably contacted Plaintiff in an attempt to collect upon a debt which was not owed by Plaintiff. Defendant persistently attempted to coerce Plaintiff into making payment by placing voluminous phone calls to her cellular phone, when it should have been privy to the fact that it was contacting the wrong person. These means employed by Defendant only served to worry and confuse Plaintiff.

### d. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff no less than 25 times with the purpose of communicating with an individual who was not Plaintiff. Defendant asked to speak with an individual with whom Plaintiff is unfamiliar. Attempting to coerce Plaintiff into payment by placing voluminous phone calls to the wrong person, especially after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, FRANCES E. TYRRELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

42. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

43. Upon information and belief, the subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

#### a. Violations of M.C.L. § 339.915(f)(ii)

44. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

45. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone. Through its conduct, Defendant misrepresented that the Plaintiff owed a debt, even though the debt was purportedly owed by an individual with whom Plaintiff is unfamiliar. By constantly contacting Plaintiff, Defendant

misrepresented that it had the legal right to collect a debt from Plaintiff, despite the fact that Plaintiff did not owe a debt to Defendant.

### b. Violations of M.C.L. § 339.915(n)

46. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

47. Defendant violated the MOC when it repeatedly called Plaintiff. Defendant called Plaintiff at least 25 times through the first half of 2018. Plaintiff was suffering from health issues at the time she received multiple calls from Defendant. Yet, Defendant continued to place systematic phone calls to Plaintiff with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, would naturally cause an individual to feel oppressed, especially when taking into account Plaintiff's poor physical condition.

WHEREFORE, Plaintiff, FRANCES E. TRYRRELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

    c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

    d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

    e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 21, 2018                          Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225

Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com